UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARIS BRIDGEFORTH,

        Petitioner,

                                           Case Number 17-12265
                                           Honorable David M. Lawson

v.

BONITA HOFFNER,

       Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Paris Bridgeforth has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his convictions for drug offenses, obstruction of justice, and resisting a police officer. He was sentenced to indeterminate prison terms ranging from eight years at minimum to 30 years maximum. He complains about the ineffectiveness of his appellate attorney and argues that the sentencing judge mis-scored his sentencing guidelines. Bridgeforth was in state custody when he filed his petition; however, according to the records maintained by the Michigan Department of Corrections (MDOC), he has completed fully his sentence and is not on parole. Because he is no longer "in custody" within the meaning of section 2254(a), the petition will be dismissed.

I.

Bridgeforth was convicted by a Monroe County, Michigan jury of drug trafficking and other charges stemming from the execution of a search warrant at his residence in 2010. His conviction was affirmed by the Michigan Court of Appeals in July 2010, but the court remanded

-1-

the case for resentencing.  The trial court resentenced Bridgeforth in April 2013.  Due to confusion over whether Bridgeforth asked for appellate counsel to appeal that sentence, the trial court did not appoint an attorney for him until February 3, 2014.  That attorney filed a claim of appeal, but the Court of Appeals dismissed it as untimely.  A delayed application for leave to appeal met a similar fate.  After the Michigan Supreme Court denied leave to appeal, Bridgeforth litigated post-conviction motions in the trial court through February 2015 and appealed, unsuccessfully, the denial of those motions.  In 2016, Bridgeforth asked the trial court to reissue the judgment of sentence so he could have a fresh start through the appellate process, but the trial court denied that request as well.

Bridgeforth filed his habeas petition in this Court on July 10, 2017.  At the time, he was confined at the Lakeland Correctional Facility where the respondent was the warden.  Before answering the petition, the respondent attempted to resolve the case by proposing that Bridgeforth be given a new appeal in the state court, but no agreement was reached.  In her answer to the petition, the respondent admitted that the petitioner is entitled to equitable tolling on the timeliness of his petition, conceded error on the ineffective assistance of appellate counsel claim, asserted that the sentencing claim is not cognizable on habeas review, and argued that the appropriate remedy on the ineffective assistance of appellate counsel claim would be for the petitioner to receive a new direct appeal from the trial court's re-sentencing decision.  Bridgeforth contends that a new appeal would be insufficient and seeks release from custody.

It appears that Bridgeforth got his wish.  According to the MDOC records, he has been discharged from his sentences, released from state custody, and is no longer on parole.  *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=296671

(showing that the petitioner was fully discharged from his sentences on November 20, 2019). He confirmed that he was released on a 24-month parole in November 2018 and resides in Detroit.

II.

A writ of habeas corpus may only be granted to a person who is "in custody." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *see also Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (explaining that under sections "2241(c)(3) and 2254(a) [and] . . . the common-law history of the writ . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). Under sections 2241 and 2254, custody status is determined at the time that the complaint is filed. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968). Bridgeforth plainly met that requirement, as he was serving his custodial sentences when he filed his habeas petition.

If, however, during the pendency of a case, an event occurs that makes it impossible for a court to grant any relief to the prevailing party, the case must be dismissed. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992); *Edwards v. Dewalt,* 681 F.3d 780, 788 (6th Cir. 2012). That is because under "Article III[,] . . . a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male,* 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)). The Court "lacks jurisdiction to consider any case or issue that has 'lost its character as a present, live controversy' and thereby becomes moot." *Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009) (citing *Hall v. Beals,* 396 U.S. 45, 48 (1969)). "Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or

controversy, mootness is a jurisdictional question." *Ibid.* (citing *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)).

"[A] petitioner's habeas challenge is not necessarily mooted by the petitioner's release from incarceration so long as the petitioner can demonstrate 'collateral consequences' that follow from his conviction and remain ongoing." *Demis,* 558 F.3d at 515. "However, although a habeas action is not necessarily mooted by the expiration of a petitioner's sentence, some concrete and continuing injury other than the now-ended incarceration or parole — some collateral consequence of the conviction — must exist if the suit is to be maintained." *Ibid.* The petitioner cannot rely on "generalized and hypothetical" consequences that attend any criminal conviction to defeat mootness. *Id.* at 516. "Instead, [he] must articulate concrete injuries or deprivations that are consequences of the challenged [actions] and that remain live controversies for which the courts could provide meaningful relief." *Ibid.*

Habeas cases generally recognize that a person is considered to be "in custody" when his liberty is directly circumscribed by government oversight, such as parole, *Jones v. Cunningham,* 371 U.S. 236, 240-41 (1963), bail, *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.,* 411 U.S. 345, 349 (1973), or probation, *McVeigh v. Smith,* 872 F.2d 725, 727 (6th Cir.1989). However, the Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng,* 490 U.S. at 491. And it is generally acknowledged that "after a petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render him 'in custody' under § 2254(a)." *Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102-03 (E.D. Mich. 2000) (citing *Maleng,* 490 U.S. at 492) (additional citation omitted). When a

-4-

petitioner has been fully discharged from his sentence and his claims only concern sentencing matters, there are no continuing collateral consequences that can be redressed by a favorable court decision. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

Both of Bridgeforth's habeas claims concern sentencing matters. The first addresses his appellate attorney's missteps, which deprived him of the opportunity to appeal the alleged error committed by the trial court on resentencing, and the second goes to the substance of that sentencing error. But Bridgeforth has been discharged completely from his sentences. Consequently, the Court can provide no further remedy, and his habeas claims have become moot. *See Hood v. Wilson*, 389 F. App'x 522 (6th Cir. 2010) (ineffective assistance of appellate counsel claim regarding sentencing was moot given habeas petitioner's discharge from custody); *see also United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.").

III.

Because the petitioner's claims have been rendered moot by his discharge from custody and release from parole, there is no longer a live controversy under Article III of the Constitution, and the Court has no subject matter jurisdiction over this habeas petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  November 12, 2020